# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON GONZALEZ ELIAS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-04327-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 2) |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends denying the petition for writ of habeas corpus.

## I.

## BACKGROUND[1]

Petitioner is a citizen of Mexico who entered the United States without inspection on or about February 11, 2024, where he was encountered by federal immigration officials at or near Lukeville, Arizona. On February 14, 2024, immigration officials issued Petitioner a Notice to Appear, charging him under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as an alien present in the United States who has not been admitted or paroled by an

[1] As the pleadings in the instant matter lack allegations regarding the factual background, the Court relies on Petitioner's earlier-filed case for this summary.

immigration officer and who arrived in the United States at any time or place other than designated by the attorney general; and under INA section 212(a)(7)(A)(I)(i) as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, or border crossing card or other valid entry document required by the act. Petitioner was then released on his own recognizance after processing. Gonzalez Elias v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-01835-JLT-EPG, 2026 WL 901288, at *1 (E.D. Cal. Apr. 2, 2026)

Petitioner has a lengthy criminal history in the United States. Gonzalez Elias, 2026 WL 901288, at *1. On October 22, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE"). On March 6, 2026, Petitioner filed his first petition for a writ of habeas corpus, asserting that his due process rights have been violated. On March 23, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). On April 2, 2026, the Court granted the petition and ordered that within fourteen days Petitioner be provided with "an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where 'the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond,' *id.* at 1203." Gonzalez Elias, 2026 WL 901288, at *2 (alteration in original).

On April 21, 2026, Petitioner was provided with a bond hearing and an immigration judge ("IJ") denied bond, finding that the Department of Homeland Security had established by clear and convincing evidence that Petitioner is a danger and flight risk. (ECF No. 12-3.)

On June 5, 2026, Petitioner filed his second petition for writ of habeas corpus, raising the following claims for relief: (1) his continued detention violates due process and Zadvydas because there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future; (2) Respondents' third country policy violates due process, the Immigration and Nationality Act, the Convention Against Torture, and implementing regulations; and (3) Respondents' third country policy violates the Fifth and Eighth Amendments. (ECF No. 1 at 13–

16.[2]) On July 11, 2026, Respondent filed a response to the petition, and Petitioner filed a reply on July 27, 2026. (ECF Nos. 12, 13.)

## II.

## DISCUSSION

### A. Statutory Authority for Petitioner's Detention

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). "Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). 8 U.S.C. § 1226(a) "is the default detention statute for noncitizens in removal proceedings." Avilez, 69 F.4th at 529. Detention under § 1226(a) "is discretionary" and "provides for release on bond or conditional parole." Id. "Section 1231(a) applies to detention after the entry of a final order of removal. In contrast to Subsections A and C, Section 1231(a) does not apply to detention during the pendency of administrative or judicial removal proceedings." Avilez, 69 F.4th at 530–31.

Here, Petitioner has filed a form petition that should be used by petitioners who have a final order of removal. The petition states that Petitioner was ordered removed in December 2025. (ECF No. 1 at 2.) However, according to the Executive Office of Immigration Review's ("EOIR") Automated Case Information, Petitioner was ordered removed on August 31, 2026, and an appeal to the Board of Immigration Appeals ("BIA") was received on September 10, 2026 and is currently pending. See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 21, 2026). As the BIA appeal is still pending, there is no administratively final order of removal, the removal period has not yet

[2] Page numbers refer to the ECF pagination stamped at the top of the page.

begun, 8 U.S.C. § 1231(a)(1)(B)(i), and thus, Petitioner's detention is governed by 8 U.S.C. § 1226(a),[3] not § 1231.

**B. Due Process**

"The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration," and the Ninth Circuit has held that 8 U.S.C. § 1226(a), which "offers substantial procedural protections to detained persons," is not facially unconstitutional. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193–94 (9th Cir. 2022). In Rodriguez Diaz, the Ninth Circuit denied the petitioner's prolonged detention claim and held that due process did not require a second § 1226(a) bond hearing for a petitioner who had been detained for over fourteen months after his first § 1226(a) bond hearing. 53 F.4th at 1207–14. To the extent the petition can be construed as challenging Petitioner's detention on procedural due process grounds, Petitioner has not established that his case is distinguishable from Rodriguez Diaz. Accordingly, the undersigned recommends finding that Petitioner is not entitled to relief on this ground.

In the traverse, Petitioner asserts that due process requires that an impartial adjudicator decide if his continued detention bears a reasonable relation to the government's goals of preventing flight and protecting the community and that EOIR's profound institutional transformation precludes impartial adjudication of his bond request. (ECF No. 13 at 4–11.)

> To establish a due process violation, Petitioner must show (1) "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case," and (2) "prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (internal quotation marks and citation omitted). Petitioner can meet this burden by showing "a deep-seated favoritism or antagonism that would make fair judgment impossible," *Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007) (internal quotation marks and citation omitted), but "a mere showing that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough," *Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016).

Mata-Yanez v. Bondi, No. 23-1329, 2025 WL 3014219, at *1 (9th Cir. Oct. 28, 2025).

---

[3] This Court previously rejected Respondents' argument that Petitioner's detention is governed by 8 U.S.C. § 1225(b). Gonzalez Elias, 2026 WL 901288, at *2.

"Petitioner does not supply evidence of bias by this Immigration Judge in this particular proceeding." Nasr v. Warden of Golden Annex Det. Facility, No. 1:26-cv-01376-DJC-JDP, 2026 WL 1396636, at *2 (E.D. Cal. May 19, 2026). Accordingly, the undersigned recommends finding that Petitioner is not entitled to habeas relief on this ground.

**C. Motion for Appointment of Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 2.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

As set forth above, habeas relief is not warranted, and thus, Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel. Accordingly, the undersigned will deny Petitioner's motion for appointment of counsel.

**III.**

**RECOMMENDATION & ORDER**

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

Further, Petitioner's motion for appointment of counsel (ECF No. 2) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and

serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 23, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE